**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


NRO BOSTON, LLC, NORTH RIVER  :
OUTFITTERS, NRO SPORT, LLC,   : CIVIL ACTION
NRO EDGARTOWN, LLC, JASON     :
INDELICATO, ALICE INDELICATO, :
                        : NO. 17-CV-5008
          Plaintiffs   :
                        :
        vs.         :
                        :
FUNDING METRICS, LLC, d/b/a   :
QUICK FIX CAPITAL, DAVID W.   :
FRASCELLA, JR. and          :
LARRY D. FRASCELLA,       :
                        :
          Defendants   :


**ORDER**


    AND NOW, this    23rd    day of May, 2018, upon

consideration of Defendants' Second Motion to Dismiss Plaintiffs'

Amended Complaint (Doc. No. 13) and Plaintiffs' Response in

Opposition thereto, it is hereby ORDERED that the Motion is

DENIED.[1]

---

    [1]  Rule 12(b)(6) permits dismissal of complaints for "failure to state a claim upon which relief can be granted." Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011). It is well settled that in conducting a review of a challenged pleading, the courts are required to accept all well-pleaded factual allegations as true and draw all reasonable inferences in the non-movant's favor. Ebert v. Prime Care Medical, Inc., No. 14-2020, 2015 U.S. App. LEXIS 1843 at *4 (3d Cir. Feb. 5, 2015); Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002) In so doing, reliance is placed upon "the complaint, attached exhibits, and matters of public record." Ebert, supra, (quoting Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)). Because Fed. R. Civ. P. 8(a)(2) requires a 'showing,' rather than a blanket assertion, of entitlement to relief, courts evaluating the viability of a complaint must look beyond conclusory statements and determine whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007); Renfro, supra. Indeed, it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." Umland v.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,        J.

---

Planco Financial Services, Inc., 542 F.3d 59, 64 (3d Cir. 2008)(quoting
Philips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  A claim
has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for
the misconduct alleged.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed.
2d 868 (2009).  Examination of the context of the claim, including the
underlying substantive law is therefore necessary in order to properly assess
plausibility.  Renfro, 671 F.3d at 321(citing In re Insurance Brokerage
Antitrust Litigation, 618 F.3d 300, 320, n. 18 (3d Cir. 2010)). Hence, a
motion to dismiss may only be granted where the allegations fail to state any
claim upon which relief may be granted.  See, Carino v. Stefan, 376 F.3d 156,
159 (3d Cir. 2004); Morse v. Lower Merion School District, 132 F.3d 902, 906
(3d Cir. 1997).  The inquiry is not whether plaintiffs will ultimately prevail
in a trial on the merits, but whether they should be afforded an opportunity
to offer evidence in support of their claims. Phillips, 515 F.3d at 231; In re
Rockefeller Center Properties, Inc., 311 F.3d 198, 215 (3d Cir. 2002).

        In applying the foregoing pleading standards to the Plaintiffs' Amended
Complaint in this case, we find that it alleges sufficient facts to plead
potentially viable claims under the Racketeer Influenced and Corrupt
Organizations Act, 18 U.S.C. §§1962(c)and(d) ("RICO) and for violations of
Mass. Gen. Law. Ch. 93A, 231 and 271 and for negligent misrepresentation or
breach of contract.  While it is not clear from the pleadings which states'
law(s) may or may not apply to this case, we find that issue is properly re-
visited upon completion of discovery through the filing of summary judgment
motions.